[No. 19608.   Department Two.   April 8, 1926.]

ALEX GABRIELSEN, *Respondent*, v. F. REED MCBRIDE, *Appellant.*[1]

[1] EXCHANGE OF PROPERTY (1)—CONSTRUCTION OF CONTRACT.   Findings that a note and mortgage, given on an exchange of properties, were taken as collateral only, are sustained, where the contract of exchange provided that they should be cancelled upon the giving of a deed within fifty days, there was no forfeiture clause, the deed was given a short time after the fifty day limit, and both parties were equally to blame for the delay.

Appeal from judgments of the superior court for Clark county, Simpson, J., entered December 31, 1924, and February 9, 1925, upon findings in favor of the plaintiffs, in an action for cancellation of a note and mortgage, tried to the court.   Affirmed.

*Guy F. Reed* and *Miller, Wilkinson and Miller,* for appellant.

*R. C. Sugg,* for respondent.

PARKER, J.—The plaintiff, Gabrielsen, commenced this action in the superior court for Clarke county, seeking a decree canceling a $7,000 promissory note and mortgage given by him to the defendant, McBride; and also a money judgment for sums claimed to be due the plaintiff from the defendant, all arising out of a property exchange had between them.   The case being of equitable cognizance, trial was had before the court without a jury and resulted in interlocutory and final decrees in substance as prayed for by the plaintiff, though in a much smaller money award than was prayed for by him, from which the defendant has appealed to this court.

[1]   About January 2, 1924, the parties entered into a contract in writing, by which it was agreed that

¹Reported in 244 Pac. 696.

Gabrielsen was to convey to McBride his farm in Clark county, together with other pieces of real property and some personal property, in exchange for which Mc-Bride was to convey to Gabrielsen his ranch in Montana. It appears that the incumbrances upon Gabrielsen's farm were such that it would probably take some time to have them adjusted, according to the agreement with reference to which McBride was to take the farm subject to certain incumbrances. Not-withstanding this condition, the parties immediately performed the exchange contract to the extent of Gabrielsen's conveying to McBride all the property he was to convey, other than the farm, and McBride conveying to Gabrielsen the Montana ranch. For the purpose of securing the final conveyance of the farm by Gabrielsen to McBride, it was agreed as follows:

"There is to be a 50-day time limit to deliver deed. . . . In consideration of the said 50 days, party of the first part [Gabrielsen] agrees to give party of the second part a mortgage of $7,000 on the property he is acquiring in this transaction. . . . Said mortgage to be canceled when deed to the 149 acres [Gabrielsen's farm] has been delivered to party of the second part and abstract for same has been found O. K."

A note for $7,000 and a mortgage securing the same upon the Montana ranch were then given by Gabriel-sen. The adjustment of the incumbrances to be made by Gabrielsen upon his farm, according to the terms of the contract, was not completed by him within the 50-day limit. This condition was, however, upon his part, fully performed and proper title and con-veyance tendered to McBride a short time after the expiration of the 50-day time limit, as found and con-cluded by the trial court. The date of the making of the contract is not evidenced upon its face at all, though the evidence shows it to have been made about January

2, 1924. The contract does not contain any forfeiture provisions, nor in terms specify what the rights of McBride shall be upon failure of Gabrielsen to perfect his title and tender conveyance of the farm as contemplated by the contract, within the 50-day limit.

The trial judge, having in a memoranda decision made a somewhat painstaking review of the facts, and noting the somewhat uncertain provisions of the contract touching the rights of McBride under the $7,000 note and mortgage, which Gabrielsen seeks to have canceled, concluded that the note and mortgage could not be considered as a penalty, but merely as security for the performance by Gabrielsen of the unperformed portion of the contract; that the delay in performance was caused by McBride as much as by Gabrielsen; and that McBride suffered no damage thereby. We deem it sufficient to say that a reading of the record convinces us that the court was fully warranted in these conclusions, and in awarding relief as decreed. We do not understand that there is any serious contention here made in behalf of appellant as to Gabrielsen being entitled to being reimbursed in the small sum of $176.88 awarded to him by the decree as against McBride, if Gabrielsen is entitled to a cancellation of the note and mortgage as decreed. In any event, we think this portion of the decrees fully warranted by the facts.

We conclude that the decrees must be affirmed. It is so ordered.

TOLMAN, C. J., MAIN, MITCHELL, and MACKINTOSH, JJ., concur.